Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CAUSE NO. **CL-24-3189-D**

| | | |
|---|---|---|
| MIRNA MARTINEZ INDIVIDUALLY AND A/N/F OF M.M., A MINOR<br>*Plaintiffs*<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT<br><br><br>AT LAW NUMBER _____<br><br>HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MIRNA MARTINEZ (hereafter referred to as "Martinez") and M.M., a minor (hereafter referred to as "M.M.") in the above-styled and numbered cause complaining of WAL-MART STORES TEXAS, LLC (hereafter referred to as "Defendant") and files this Plaintiffs' Original Petition. In support thereof, Plaintiffs respectfully show the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01   Plaintiffs intend that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

### II. CLAIM FOR RELIEF

2.01   Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiffs are seeking monetary relief of at least $250,000.00 but not more than $750,000.00.

### III. PARTIES AND SERVICE

3.01   Plaintiff MIRNA MARTINEZ is an individual who resides in Mission, Hidalgo County, Texas 78574.

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

3.02    Plaintiff M.M., A MINOR, is an individual who resides in Mission, Hidalgo County, Texas 78574.

3.03    Defendant WAL-MART STORES TEXAS, LLC is a corporation authorized to engage in business in the State of Texas, operates a shopping business throughout the State of Texas, including, but not limited to Hidalgo County, Texas, and may be served with process by serving its registered agent: CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, Tx 75201. CITATION IS REQUESTED.

### IV. JURISDICTION AND VENUE

4.01    This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

4.02    This Court has personal jurisdiction over Defendant because at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed Defendant was a resident of Texas and/or was organized under the laws of Texas and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas and/or maintained a principal place of business in Texas and/or maintained a registered agent in Texas and/or was doing business in Texas and/or solicited business in Texas from Texas residents and/or marketed and advertised in Texas to Texas residents and/or contracted in Texas with Texas residents and/or committed torts in whole or in part in Texas and/or recruited Texas residents for employment and/or maintained continuous and systematic contacts with Texas and/or is generally present in Texas and/or otherwise has the requisite minimum contacts with Texas, had purposefully availed itself of the privileges and protections of Texas law, and could have reasonably expected to be sued in Texas.

4.03    Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Penitas, Hidalgo County, Texas.

## V. BACKGROUND FACTS

5.01   On or about July 5, 2024, at the invitation of Defendant, Plaintiffs entered upon Defendant's premises, "Walmart Supercenter", located at 1705 Expressway 83, Penitas, Hidalgo County, Texas 78576, as an invitee to engage in the act of purchasing goods, foods, and/or services.

5.02   As Plaintiff Martinez pushed a shopping cart in which Plaintiff M.M. sat, a pothole on the Defendant's premises floor caused the cart to abruptly change course thereby ejecting Plaintiff M.M. from the cart. No warning signs were present and the pothole was indeed an unreasonably dangerous condition. As a result of the incident, Plaintiff M.M. sustained bodily injuries and Plaintiffs incurred economic damages.

5.03   While Plaintiffs were conducting business on Defendant's premises, Plaintiffs suffered personal injuries and/or economic damages because of a dangerous condition on Defendant's premises. The condition posed an unreasonable risk of harm to Plaintiffs, was the result of the actions, behavior, conduct, and/or inactions on the part of Defendant's agents, employees, representatives, and/or servants, while in the course and scope of their respective employment and/or official duties with Defendant. These actions and/or inaction by Defendant amounted to negligence.

5.04   Nothing Plaintiffs did or did not do contributed in any way to the incident.

## VI. PLAINTIFFS' FIRST CAUSE OF ACTION: PREMISES LIABILITY

6.01   Plaintiffs hereby incorporate the allegations contained above as if fully set forth herein.

6.02   At all material times, Defendant owned, possessed, operated and/or maintained the

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

business premises "Walmart Supercenter", located at 1705 Expressway 83, Penitas, Hidalgo County, Texas 78576. Furthermore, Defendant owed certain duties of care to Plaintiffs and other business invitees.

6.03   Defendant breached its duty owed to Plaintiffs and other invitees to exercise ordinary care by failing to inspect the premises for any dangerous conditions and adequately warn Plaintiffs of the aforementioned dangerous condition at its "Walmart Supercenter" premises located at 1705 Expressway 83, Penitas, Hidalgo County, Texas 78576.

6.04   Defendant and/or its agents, and/or its servants, and/or its employees knew or should have known of any dangerous condition that created an unreasonable risk of harm to Plaintiffs and other business invitees.

6.05   Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiffs of the dangerous condition at the premises or to otherwise make the premises safe. This condition existed even though Defendant or Defendant's agents, and/or servants, and/ or employees knew or should have known of the existence and that there was likelihood of a person being injured.

6.06   At all material times, Defendant and its agents, employees, representatives, and/or servants, who were acting within the course and scope of their respective employment, breached its duty in each of the following respects:

- A.   Failing to maintain Defendant's grounds and/or premises in a reasonably safe condition;

- B.   Failing to give adequate and obvious warnings to Plaintiffs of the unsafe condition of the floor of the business premises;

- C.   Failing to discover the dangerous condition on the floor within a reasonable time prior to subjecting Plaintiffs and other persons to enter the business premises or area;

Case 7:24-cv-00364   Document 1-2   Filed on 09/04/24 in TXSD   Page 5 of 10

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

D. Failing to inspect the floor for any foreign substances and/or unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiffs and other persons to enter the business premises or area; and

E. Failing to remove the dangerous condition on the floor for Plaintiffs and other invitees entering the business premises.

6.07 At all material times, Plaintiffs were invitees on the premises at the time of her injuries and other damages. At the time of Plaintiffs' respective damages (1) the dangerous condition on the premises created an unreasonable risk of harm to Plaintiffs; (2) Defendant through its employees and/or agents knew or reasonably should have known of the dangerous condition on the premises; (3) Defendant through its employees and/or agents failed to exercise ordinary care to protect the invitee from danger; and (4) Defendant's, through its employees and/or agents, failure was a proximate cause of the injuries to the invitee.

6.08 At all material times, all the agents, employees, representatives, and/or servants, of Defendant who were connected with the incident, were acting within the course and scope of their respective employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its respective agents, employees, representatives, and/or servants under the doctrine of *respondeat superior*.

6.09 Defendant's breach proximately caused Plaintiffs' injuries and damages as set forth below.

VII. <u>PLAINTIFFS' SECOND CAUSE OF ACTION: NEGLIGENCE</u>

7.01 Plaintiffs hereby incorporate the allegations contained in paragraphs set forth above as if fully set forth herein.

7.02 Defendant's acts and omissions outlined herein constitute negligence.

7.03 Defendant owed a common law duty to exercise ordinary care in the operation of

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

its business so as not to endanger the safety of others such as Plaintiffs. Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

7.04  Defendant by and through its agents and employees breached that duty by one or more of the following acts and omissions:

    A.    Failing to maintain its grounds and/or premises in a reasonably safe condition;

    B.    Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;

    C.    Failing to discover dangerous conditions on the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

    D.    Failing to inspect the floor for any unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

    E.    Failing to remove the unreasonably dangerous conditions from the floor prior to Plaintiff and other customers entering the business premises: and,

    F.    Failing to provide sufficient and adequately trained personnel to inspect, find, and remove, unreasonably dangerous conditions from the floor, prior to subjecting Plaintiff and other persons to enter the business premises or area.

7.05  As a direct and proximate cause of Defendant's negligent acts or omissions, Plaintiff has suffered damages as described hereafter.

### VIII. INJURIES AND/OR DAMAGES SUSTAINED BY PLAINTIFFS

8.01  As a direct and proximate cause of the incident, Plaintiffs have incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer as a result of Plaintiff M.M.'s injuries.

8.02  By reason of the foregoing injuries and damages, Plaintiffs seek damages for the elements of damages listed below:

    a.    Reasonable medical and healthcare expenses for necessary medical and healthcare

Case 7:24-cv-00364   Document 1-2   Filed on 09/04/24 in TXSD   Page 7 of 10

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

treatment in the past;

b. Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

c. Pain and suffering in the past;

d. Pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Physical disfigurement in the past; and

h. Physical disfigurement in the future.

## IX. EXEMPLARY DAMAGES/GROSS NEGLIGENCE

9.01   Defendant's acts or omissions by and through its respective agents, employees, representatives, and/or servants, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant had actual subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of and others.

9.02   Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant.

## X. JURY DEMAND

10.01   Plaintiffs hereby demand a TRIAL BY JURY in this cause.

## XI. MISNOMER/ALTER EGO

11.01   In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification" or "misnomer" and/or such parties are/were "alter

Case 7:24-cv-00364   Document 1-2   Filed on 09/04/24 in TXSD   Page 8 of 10

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein and that a Trial by Jury (On the Merits) be scheduled and at the conclusion of said Trial judgment be entered in favor of Plaintiffs and against Defendant for damages in an amount within the jurisdictional limits of the Court (in compliance with the monetary relief sought by Plaintiffs); exemplary damages, excluding interest, and as allowed by Section 41.008, Chapter 41 of the Texas Civil Practice and Remedies Code; together with pre-judgment interest (180 days after Defendant receives written notice of Plaintiffs' claims or from the date of the filing of this petition whichever is earlier, through to the date immediately preceding the date of the rendition of judgment in this cause) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Electronically Submitted
7/24/2024 1:54 PM
Hidalgo County Clerk
Accepted by: Alexis Medina

CL-24-3189-D

Respectfully submitted,

**TIJERINA LEGAL GROUP, P.C.**
1200 S. 2nd St., Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No. (956) 972-0144
E-Mail: TijerinaLit@tlegalgroup.com

BY: _/s/_
HUMBERTO TIJERINA, III
State Bar No. 24028040
CESAR PALMA
State Bar No. 24094884
DEREK I. SALINAS
State Bar No. 24093098
GERARDO L. GARCIA, JR.
State Bar No. 24123059
JAMES O. ALANIZ
State Bar No. 24118602
WILLIAM S. LEGGETT
State Bar No. 24107597
NATASHA R. MARTINEZ
State Bar No. 24091715
LIZA VASQUEZ GARZA
State Bar No. 00797595
**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Humberto Tijerina on behalf of Derek Salinas
Bar No. 24093098
TijerinaLit@tlegalgroup.com
Envelope ID: 90137743
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/24/2024 5:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Derek I.Salinas | | tijerinalit@tlegalgroup.com | 7/24/2024 1:54:38 PM | SENT |