Case 7:24-cv-00364   Document 16   Filed on 06/09/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIRNA MARTINEZ, INDIVIDUALLY, AND AS NEXT FRIEND OF M.M., A MINOR | § § § | |
| v. | § § | CIVIL ACTION NO. 7:24-cv-00364 |
| WAL-MART STORES TEXAS, LLC | § § | JURY REQUESTED |

## ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

On this 5th day of June, 2025, came on to be heard the above-entitled and numbered cause. Plaintiff MIRNA MARTINEZ, INDIVIDUALLY AND AS NEXT FRIEND OF M.M., A MINOR ("Plaintiff") and Defendant WAL-MART STORES TEXAS, LLC ("Defendant") appeared and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy between Plaintiff and Defendant named herein are submitted to the Court.

Plaintiff and Defendant announced that they had agreed, subject to the approval of the Court, to fully compromise and settle all issues, claims, and causes of action now existing or that may hereafter arise between Plaintiff and Defendant. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement, Release, and Indemnity Agreement (the "Settlement Agreement"), a copy of which was tendered to the Court for in-camera review but was not filed.

It is understood and agreed that in consideration for Defendant's agreement to settle this controversy for the sum(s) described in the Settlement Agreement, Plaintiff will pay, discharge or indemnify, and hold Defendant harmless, for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement, or other bills and expenses. Plaintiff and Defendant named herein have agreed that if this Order Approving Settlement and Final Judgment is approved by the Court that neither Plaintiff, Minor Plaintiff, nor anyone claiming by, through, or under Plaintiff

or Minor Plaintiff, will be able to recover anything further of or from Defendant.

It having appeared to the Court that a potential conflict of interest exists between Plaintiff MIRNA MARTINEZ and Minor Plaintiff M.M. in the division of the proceeds of the settlement, the court has appointed I. Cecilia Garza, a practicing attorney in Hidalgo County, Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* to review the settlement and to advise the Court regarding the settlement on behalf of Minor Plaintiff M.M. The named Guardians *Ad Litem* have been apprised of all matters of fact concerning this controversy and settlement thereof and have recommended that the Court approve the settlement as described in the Settlement Agreement.

After reviewing the pleadings filed in this case, the Court heard evidence regarding such Settlement Agreement, with reference to the material facts regarding the incident at issue and all matters pertaining to the alleged liability of Defendant and the damages claimed by Plaintiff, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such Settlement Agreement is in the best interest of Minor Plaintiff M.M., and that the terms of the Settlement Agreement are in all respects reasonable.

It is understood and agreed by Plaintiff that the payment of the monies herein described is in settlement of disputed claims and that Defendant has denied liability and continues to deny liability of whatever nature to Plaintiff and/or Minor Plaintiff. It is further understood and agreed that by this Settlement Agreement, Defendant makes no admission of liability to Plaintiff, which is specifically denied, or to any other person, firm, corporation, or other entity who did not assert a claim or file a lawsuit against Defendant, but rather that Defendant makes this settlement solely to purchase peace and avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiff and Defendant have satisfactorily compromised and settled all claims asserted herein against Defendants.

The Court is of the opinion that the Settlement Agreement executed by Plaintiffs is fair and equitable and that the same should be, and is hereby in all things, approved.

The Court specifically finds that the Settlement Agreement is in the best interest of Minor Plaintiff M.M.

The Court further finds that Defendants have given good and valuable consideration to Plaintiffs for the settlement of this lawsuit.

The Court hereby further finds that the allocation of the sums agreed upon as a compromise settlement figure in this action between the parties should be paid as set forth in Exhibit "A" to the Settlement Agreement between the parties. The obligation to make the periodic payments described therein may be assigned to Pacific Life & Annuity Services, Inc. and funded by an annuity contract issued by Pacific Life Insurance Company, rated A+ XV by A.M. Best. To fund the periodic payments, Defendant will issue a check payable to Pacific Life & Annuity Services, Inc., as described in Exhibit "A" to the Settlement Agreement between the parties

The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from this incident which any Plaintiff named herein have or might ever have against Defendant, Defendant's officers, directors, shareholders, owners, agents, servants and employees, and/or insurers, and that under no legal or equitable theory may Plaintiff or Minor Plaintiff hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, or cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Final Judgment shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or

estate of any Plaintiff named herein.

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiff against Defendants should be dismissed with prejudice; that Plaintiff and Minor Plaintiff's claims asserted, or which could have been asserted herein, against Defendant are fully satisfied in all respects, and that no execution or other process shall ever issue herein against Defendant, and that Defendant is fully and finally released.

The Court finds that the terms of the Settlement Agreement provide that the taxable court costs will be paid by the party incurring such costs.

The Court further finds that the terms of the Settlement Agreement provide that Plaintiff will pay all fees due to Plaintiff's attorney(s) from the settlement amount set forth in the Settlement Agreement. Plaintiff and Plaintiff's attorneys acknowledge and agree that Defendant and the other released parties and entities shall bear no responsibility for payment of Plaintiff's attorneys' fees.

The Court further finds that Plaintiff has agreed that all medical aid, hospital services, doctor services, psychiatric or psychological services, chiropractor services, nursing, drugs, funeral and burial expenses, property damages, worker's compensation, attorney fees (including hourly fees), Medicare and Medicaid liens, hospital liens, past, present, and future arising as a result of the underlying incident have been or will be paid or compromised by Plaintiff. Plaintiff has further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND Defendant and/or its insurers from any and all such claims, demands, action, and causes of action of any nature or character and any other claims, demands, actions, and causes of action, which may have been or may hereafter be asserted against Defendant by any person, insurer, firm, company, and/or corporation (including, but not limited to Medicare/Medicaid liens) claiming under any alleged subrogation rights, including but not limited to

property damage, worker's compensation, child support liens or judgments, attorneys' fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law.

The Court further finds that Plaintiff has agreed to DEFEND and INDEMNIFY Defendant from and against any fine, penalty, suit, regulatory, or administrative proceeding resulting from the false or incorrect reporting of information required by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 and to fulfill whatever obligations required of them under the Medicare Secondary Payer Act as contemplated under Section 1862(b) of the Social Security Act (42 USC Section 1395y(b)(6)) and applicable regulations found at 42 CFR Part 411 and Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Plaintiff against Defendant are dismissed with prejudice. All relief requested or which could possibly be requested by Plaintiffs not herein specifically granted is denied.

IT IS FURTHER ORDERED that the United States District Court for the Southern District of Texas – McAllen Division shall retain continuing jurisdiction over any structured settlement or periodic payments that are funded via a qualified assignment in order to fund any obligation to Plaintiff and/or Minor Plaintiff as set forth in this Agreement; the rights to receive periodic payments granted to the Minor Plaintiff in this Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an order approving such transaction. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this order.

It is further ORDERED, ADJUDGED, and DECREED that Defendant pay the amount of

$2,500.00 to the Guardian *Ad Litem* I. Cecilia Garza for fees and expenses related to this matter.

It is further ORDERED, ADJUDGED, and DECREED that court costs incurred herein are taxed against the party incurring such costs.

It is further ORDERED that no execution or other process shall ever issue against Defendant and that Defendant is fully and finally released.

SO ORDERED June 9, 2025, at McAllen, Texas.

*[signature]*
Randy Crane
United States District Judge

APPROVED AND AGREED TO BY:

*[signature]*
Derek Salinas
Texas Bar No. 24093098
Southern District No. 2554325
Gerardo L. Garcia, Jr.
Texas Bar No. 24123059
Southern District No. 3713081
William S. Leggett
Texas Bar No. 24087716
Southern District No. 3854300
Email: tijerinalit@tlegalgroup.com
TIJERINA LEGAL GROUP, PC
1200 South Col Rowe Blvd., Ste. 4A
McAllen, Texas 78501
(956) 777-7000
Fax (956) 972-0144

ATTORNEYS FOR PLAINTIFF MIRNA MARTINEZ,
INDIVIDUALLY AND AS NEXT FRIEND OF M.M., A MINOR

-AND-

*[signature: Elizabeth Herrera]*

Jaime A. Saenz
Texas Bar No. 17514859
Southern District No. 7630
Email: ja.saenz@rcclaw.com
Elizabeth Herrera
State Bar No. 24087716
Southern District No. 2877535
Email: e.herrera@rcclaw.com
COLVIN, SAENZ, RODRIGUEZ & KENNAMER LLP
1201 East Van Buren Street
Brownsville, TX 78520
(956) 542-7441
(956) 541-2170 (Fax)

ATTORNEYS FOR DEFENDANT WAL-MART STORES TEXAS, LLC

-AND-

*[signature]*

I. Cecilia Garza
Texas Bar No. 24041627
Garza Martinez PLLC
202 E. Sprague Street
Edinburg, Texas 78539
(956) 335-4900
Email: cecilia@garzamartinezlaw.com

*GUARDIAN AD LITEM FOR MINOR PLAINTIFF*